UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LeROND WILLIAMS,<br><br>              Plaintiff,<br><br>       v.<br><br>DR PIERRE S. HENDRICKS et al.,<br><br>              Defendants. | No.  2:10-cv-1873 KJM DAD P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is before the court on a motion to dismiss brought on behalf of defendant Dr. Fortaleza.  Plaintiff has filed an opposition to the motion.

**BACKGROUND**

Plaintiff is proceeding on his second amended complaint[1] against defendant Dr. Fortaleza and defendant Dr. Hendricks.[2]  Therein, plaintiff alleges that in July 2006, he began complaining of knee problems to prison medical staff.  Over the course of the next year, plaintiff saw multiple

---

[1]  By order filed July 14, 2011, plaintiff's original complaint was dismissed for failure to satisfy the requirements of Federal Rule Civil Procedure 8(a)(2), with leave to amend granted.  (Doc. No. 15.)  Plaintiff filed an amended complaint on October 14, 2011 and a second amended complaint on May 17, 2012.  (Doc. Nos. 20 & 22.)

[2]  Defendant Dr. Hendricks is represented by separate counsel and has also filed a motion to dismiss, which the court will address in separate findings and recommendations.

1

doctors including defendant Dr. Fortaleza and orthopedic specialist defendant Dr. Hendricks. Plaintiff complains that defendant Dr. Fortaleza should have ordered an MRI for him and referred him to an orthopedic specialist earlier than he did. Plaintiff further complains that defendant Dr. Hendricks also should have ordered an MRI for him, but instead, ordered and then cancelled diagnostic arthroscopy of plaintiff's right knee. According to plaintiff, the defendants were trying to save the prison money by denying or delaying treatment, and it was not until he was transferred to CSP-Solano in September 2007, that a Dr. Daszko ordered an MRI of his knee, which revealed a probable tear of the medial meniscus. In October 2008, plaintiff underwent knee surgery. Plaintiff claims that defendant Dr. Fortaleza and defendant Dr. Hendricks were deliberately indifferent to his serious medical needs and requests damages and injunctive relief. (Sec. Am. Compl. (Doc. No. 22) at 4-11 & Exs.)

**ANALYSIS**

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S.

2

1  411, 421 (1969). However, the court need not accept as true conclusory allegations, unreasonable
2  inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643 F.2d 618, 624
3  (9th Cir. 1981).
4       In general, pro se pleadings are held to a less stringent standard than those drafted by
5  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
6  such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
7  However, the court's liberal interpretation of a pro se complaint may not supply essential
8  elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
9  266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

10  II.  Discussion

11       In the pending motion to dismiss, defense counsel argues that plaintiff has failed to plead
12  sufficient facts to state a cognizable Eighth Amendment deliberate indifference claim against
13  defendant Dr. Fortaleza. (Def.'s Mot. to Dismiss (Doc. No. 33) at 4-7.) Upon further review of
14  plaintiff's second amended complaint and the exhibits attached thereto, the court agrees. In
15  plaintiff's second amended complaint, he alleges in relevant part as follows. On July 6, 2006, a
16  Dr. Echendu examined his knee after plaintiff explained that he could not run, climb steps, or
17  pivot properly on his knee. (Sec. Am. Compl. at 4.) Dr. Echendu ordered an x-ray of plaintiff's
18  knee, which came back normal and revealed no problems. (Id.) Plaintiff received a notice saying
19  that no follow-up was necessary. (Id.) On August 26, 2006, plaintiff submitted a medical request
20  for a follow-up on his knee and explained that he still had restricted use of his knee and had
21  developed an aching sensation over his knee and along his thigh. (Id. at 5.) On September 1,
22  2006, defendant Dr. Fortaleza saw plaintiff but, in light of his recent x-ray results, did not order
23  an MRI or refer plaintiff to a specialist as plaintiff requested. (Id.) Instead, defendant Dr.
24  Fortaleza ordered plaintiff a regimen of steroid treatment for his knee. (Id.) On September 23,
25  2006, plaintiff filed an administrative appeal and medical request because he had not received the
26  proper number of doses of the steroid treatment as Dr. Fortaleza had prescribed due to a
27  lockdown at the prison. (Id.) On October 4, 2006, defendant Dr. Fortaleza re-prescribed the
28  steroid regimen for plaintiff. (Id.) On October 19, 2006, plaintiff was still experiencing problems

1    with his knee and filed another administrative appeal and asked to have a specialist examine him.
2    (Id. at 6.) On November 7, 2006, plaintiff saw an unidentified doctor who provided him with
3    Tylenol and told him to follow-up in three weeks. (Id.) On November 27, 2006, plaintiff saw
4    defendant Dr. Fortaleza for the final time, and the defendant doctor referred him to an orthopedic
5    specialist. (Id.)

6          In this case, even liberally construing plaintiff's second amended complaint as required,
7    the court finds that plaintiff's complaint fails to allege sufficient facts to plausibly suggest that he
8    is entitled to relief under the Eighth Amendment. See Ashcroft v. Iqbal, 556 U.S. 662, 678
9    (2009). While plaintiff alleges that he had a serious medical need, he fails to allege how
10   defendant Dr. Fortaleza's conduct rose to the level of deliberate indifference to that serious
11   medical need. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant
12   must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order
13   for deliberate indifference to be established."), overruled on other grounds by WMX Techs., Inc.
14   v. Miller, 104 F.3d 1133 (9th Cir. 1997).

15         Specifically, plaintiff's allegations against defendant Dr. Fortaleza pertain to the
16   defendant doctor's failure to order an MRI and the decision to refer plaintiff to an orthopedic
17   specialist only after he prescribed him the steroid regimen. To support his claim in this regard,
18   plaintiff's allegations point to CSP-Solano Dr. Daszko's subsequent decision to order an MRI of
19   plaintiff's knee. At most, however, in his complaint plaintiff alleges plaintiff's mere difference of
20   opinion with the course of treatment selected by defendant Dr. Fortaleza, or a mere difference of
21   opinion between defendant Dr. Fortaleza on the one hand and Dr. Daszko on the other hand.
22   However, it is well established that a mere difference of opinion between a prisoner and prison
23   medical staff or between medical personnel as to the proper course of medical care does not give
24   rise to a cognizable § 1983 claim. See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012);
25   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th
26   Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); cf. Fleming v. Lefevere, 423
27   F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of
28   care does not create a triable issue of fact because he has not shown that he has any medical

training or expertise upon which to base such an opinion."). As noted, plaintiff himself alleges in his second amended complaint that defendant Dr. Fortaleza prescribed steroids for his condition and ultimately referred him to a specialist as plaintiff had requested.

Moreover, even assuming as plaintiff argues in his opposition to the pending motion that defendant Fortaleza should have ordered an MRI for plaintiff or referred him to a specialist earlier than he did, before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). See also Toguchi, 391 F.3d at 1057 ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Here, defendant Dr. Fortaleza's treatment of plaintiff's knee insofar as it could be deemed inadequate could only be said to have risen to the level of malpractice and not deliberate indifference. See Farmer v. Brennan, 511 U.S. 825 (1994) (deliberate indifference to a medical need is shown when a prison official knows that an inmate has a serious medical need and disregards that need by failing to respond reasonably); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect.").[3]

---

[3] As one court has observed under similar circumstances:

> After reviewing the exhibits incorporated into the Complaint, the Court further finds that, under the foregoing standards, plaintiff's allegations against Chief Medical Officer Kumar based on her refusal to approve plaintiff for total knee replacement surgery are insufficient to satisfy the "deliberate indifference" element of a federal civil rights claim based on inadequate medical care because they at most establish a difference of opinion over whether the total knee replacement surgery was the optimal treatment option for plaintiff at that time. Plaintiff's conclusory allegation that Dr. Kumar has "shown deliberate indifference" does not satisfy plaintiff's pleading burden under Twombly and Iqbal. See also Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986) (holding that, in determining whether a complaint states a claim on which relief may be granted, courts "are not bound to

5

Finally, the court notes that plaintiff summarily alleges at the end of his complaint that defendant Dr. Fortaleza declined to order an MRI for him in order to save the prison medical expenses. (Sec. Am. Compl. at 13.) If defendant Dr. Fortaleza denied plaintiff medical care based solely on monetary consideration, plaintiff could have a colorable claim for deliberate indifference. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) ("Budgetary constraints, however, do not justify cruel and unusual punishment."). However, in this case, plaintiff has not supported his contention with any factual allegations whatsoever. The Supreme Court has made clear that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawful. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops shorts of the line between possibility and plausibility of entitlement to relief. (internal citations and quotations omitted)

Iqbal, 556 U.S. at 678. Here, plaintiff's conclusory allegation that Dr. Fortaleza had a financial motive to deny adequate medical care in order to save the prison money, without more, simply "do[es] not allow the court to infer more than the mere possibility of misconduct." Id. at 679; Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (the court is not required to "accept as true allegations that are merely conclusory, require unwarranted deductions or unreasonable inferences.") (internal quotations omitted), amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also Butler v. Kelso, Civil No. 11cv-2884 CAB (RBB), 2013 WL 1883233 at *9 (S.D. Cal. May 2, 2013) (the prisoner-plaintiff failed to state a claim for deliberate indifference because he did not provide sufficient factual allegations necessary for the court to accept his conclusion that defendants' medical decisions were based on the desire to save money). Moreover, plaintiff's own allegations acknowledging that defendant Dr. Fortaleza twice

---

accept as true a legal conclusion couched as a factual allegation").

Felton v. Lauritzen, No. CV 11-4103-VAP (RNB), 2011 WL 2133807, at *3 (C.D. Cal. May 27, 2011)

prescribed him a steroid regimen and referred him to an outside specialist for medical treatment contradict his theory that the defendant put a financial motive before plaintiff's medical well-being.  In this regard, the allegations of plaintiff's complaint have not "nudged [his] claims across the line from conceivable to plausible."  Bell Atlantic, 550 U.S. at 570.

III. The Complaint Should Be Dismissed Without Leave to Amend

Plaintiff is proceeding on his second amended complaint.  As noted above, plaintiff's original complaint was dismissed with leave to amend and he was at that time provided with the legal standards which govern the constitutional claim that he is attempting to pursue in this action.  The undersigned concludes that plaintiff cannot cure the deficiencies of his second amended complaint.  Rather, for the reasons discussed above, at most plaintiff's allegations if proven would establish a mere difference of opinion, negligence, or medical malpractice and fall short of the deliberate indifference standard.  Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

Accordingly, for all of the foregoing reasons, the court concludes that defendant Fortaleza's motion to dismiss should be granted, and plaintiff's second amended complaint should be dismissed without leave to amend.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that defendant Fortaleza's motion to dismiss (Doc. No. 33) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
will1873.57fortaleza